UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THOMAS ANTHONY SANTAGATA, JR.,

                              Petitioner,

                      - against -

STATE OF NEW YORK,

                              Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1176 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Thomas Anthony Santagata, Jr. ("Petitioner"), proceeding *pro se*, filed this action on February 26, 2019, seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254. (*See* Petition for a Writ of *Habeas Corpus* ("Pet."), Dkt. 1, at ECF[1] 1.) Before the Court is a motion to dismiss the petition for lack of subject matter jurisdiction, filed by Respondent State of New York ("Respondent"). (*See* Respondent's Motion to Dismiss ("Resp.'s Mot."), Dkt. 5.) For the reasons set forth below, Respondent's motion to dismiss is granted.

## BACKGROUND

Following a non-jury trial in the Criminal Court of Richmond County, Petitioner was found guilty of criminal possession of marijuana in the fifth degree, N.Y. Penal Law § 221.10(1); attempted criminal possession of a weapon in the fourth degree, N.Y. Penal Law §§ 110.00, 265.01(1); and attempted criminal sale of marijuana in the fourth degree, N.Y. Penal Law §§ 110.00, 221.40. *See People v. Santagata*, 60 Misc.3d 138(A) (App. Term 2d Dep't 2018). Based on these convictions, the Criminal Court sentenced Petitioner on February 20, 2015 to 60 days' imprisonment. (Pet., Dkt. 1, at ECF 1; Resp.'s Mot., Dkt. 5, at 6.) Petitioner appealed his

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

conviction, and on July 13, 2018, the Appellate Term for the Second Department overturned his conviction for criminal possession of marijuana in the fifth degree. (*See id.* at ECF 2 (describing the decision in *People v. Santagata*, 60 Misc.3d 138(A).) Petitioner then sought leave to appeal that part of the Appellate Term's decision that affirmed his convictions for attempted criminal possession of a weapon in the fourth degree and attempted criminal sale of marijuana in the fourth degree. (*See id.*) The New York Court of Appeals denied Petitioner's application for leave to appeal on November 28, 2018. (*See id.*)

Petitioner filed the instant petition for federal *habeas* review pursuant to 28 U.S.C. § 2254, requesting that this Court reverse the remaining counts of his February 20, 2015 conviction and dismiss the information. (*Id.* at ECF 1.) Before he filed this petition, however, Petitioner completed the 60-day sentence of imprisonment imposed by the Criminal Court based on his February 2015 convictions. (*See id.* at ECF 14 ("I have already served the sentence.").) Petitioner is currently incarcerated at Gouverneur Correctional Facility pursuant to a separate 2017 New York state criminal conviction, which he does not challenge in this action.[2] *See* Department of Corrections and Community Supervision, *Inmate Information*, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/index.html (last visited May 17, 2019) (identifying Petitioner by his last name and Department Identification Number, 17R0538).

---

[2] In his 2017 criminal case, Petitioner was convicted of, *inter alia*, criminal possession of a weapon in the third degree in violation of New York Penal Law § 265.02(1). A person is guilty of that crime when he "commits the crime of criminal possession of a weapon in the fourth degree . . . and has previously been convicted of any crime." N.Y. Penal Law § 265.02(1). Respondent acknowledges that this conviction was made possible by Petitioner's previous convictions in 2015. (Resp.'s Mot., Dkt. 5, at 9.)

# DISCUSSION

Section 2254(a) of Title 28 of the United States Code provides that a district court "shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As interpreted by the United States Supreme Court and the Second Circuit, "the 'in custody' language of § 2254(a) is jurisdictional and requires that *habeas* petitioners be in custody under a state conviction or sentence when they file for *habeas* relief." *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal *habeas* statute gives the United States district courts jurisdiction to entertain petitioners for *habeas* relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." (quotation and italics omitted)); *Nowakowski v. New York*, 835 F.3d 210, 215 n.5 (2d Cir. 2016) ("[T]he requirement of custody is jurisdictional.").

A petitioner is "in custody" under a state conviction if he is incarcerated pursuant to that conviction or is on parole or supervised release. *See Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 455 n.7 (E.D.N.Y. 2018) (citing *Dearstyne v. Mazzuca*, 679 F. App'x 21, 22 n.1 (2d Cir. 2017) (summary order)). If a *habeas* petitioner "suffers no present restraint from a conviction" at the time he files a federal *habeas* petition challenging that conviction, however, he cannot satisfy the custody requirement. *See Rodriguez v. New York*, No. 16-CV-5615 (JFB), 2017 WL 1655217, at *6 (E.D.N.Y. May 2, 2017); *see also Maleng*, 490 U.S. at 492 ("While we have very liberally construed the "in custody" requirement for purposes of federal *habeas*, we have never extended it to the situation where a *habeas* petitioner suffers no present restraint from a conviction."). Collateral consequences, such as the possibility that a future sentence will be enhanced by the challenged conviction, do not render a petitioner "in custody" pursuant to the prior conviction. *See*

*Ogunwomoju*, 512 F.3d at 75 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a *habeas* attack upon it." (quoting *Maleng*, 490 U.S. at 492)). Accordingly, if a district court determines that a *habeas* petitioner's full sentence expired before the petition for a writ of *habeas corpus* was filed, the court cannot entertain the petition. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (denying a certificate of appealability where "the district court was informed by [the petitioner's] submissions that [he] was no longer in custody in connection with his fraud convictions").

Petitioner's submissions reveal that, at the time this action was filed, he had already served the full sentence imposed pursuant to his 2015 convictions. (Pet., Dkt. 1, at ECF 14 ("I have already served the sentence.").) "Because [Petitioner] was not in custody in relation to the" convictions he seeks to challenge at the time that his *habeas* petition was filed, this Court "lack[s] subject matter jurisdiction to review" those convictions. *Kaminski v. United States*, 339 F.3d 84, 91 (2d Cir. 2003). And since collateral consequences do not render a petitioner "in custody" for purposes of federal *habeas* review, it is irrelevant that Petitioner's 2015 convictions supported his 2017 conviction for criminal possession of a weapon in the third degree, pursuant to which he is currently incarcerated. *See Ogunwomoju*, 512 F.3d at 75.

Even if the petition might be construed to challenge Petitioner's current sentence of incarceration on the grounds that it cannot be supported by his allegedly unconstitutional 2015 convictions, such a challenge would be unreviewable under § 2254. *See Calaff v. Capra*, 714 F. App'x 47, 50 (2d Cir. 2017) (summary order) (rejecting a *habeas* petition where the petitioner was in custody pursuant to a 2004 sentence that was enhanced as a result of an allegedly unconstitutional 1993 conviction). "[O]nce a state conviction is no longer open to direct or

collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). This means that if the conviction is later used to support another criminal sentence, "the defendant generally may not challenge the [subsequent] sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04; *see also Green v. Georgia*, 882 F.3d 978, 986 (11th Cir. 2018) ("*Lackawanna* generally bars *habeas* petitioners from using their challenge of a current conviction to also attack the validity of an earlier conviction for which they are no longer in custody.").

Because Plaintiff is not "in custody" pursuant to his 2015 convictions as required by § 2254, he cannot invoke this Court's subject matter jurisdiction to review the validity of those convictions. Accordingly, the petition for a writ of *habeas corpus* must be dismissed.

## CONCLUSION

For the reasons stated, Respondent's motion to dismiss is granted and the petition for a writ of *habeas corpus* is dismissed for lack of jurisdiction. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Middleton v. Att'ys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where petitioner has not shown that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (quotations and ellipsis omitted)). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 17, 2019
      Brooklyn, New York